1  **WO**

2

3

4

5                          **NOT FOR PUBLICATION**

6                  IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Peter Strojnik, P.C., et al.,           )   No. CV-08-1116-PHX-FJM
                                            )
10            Plaintiffs,                    )   **ORDER**
                                            )
11  vs.                                      )
                                            )
12                                           )
    Signalife, Inc., et al.,                 )
13                                           )
              Defendants.                    )
14                                           )
                                            )
15  ————————————————————)

16

17        The court has before it motions to dismiss by defendants Alla Pasternack (doc. 21),

18  Adam Pasternack (doc. 23), DigitalSpeed Communications, Inc. ("DigitalSpeed") (doc. 25),

19  and Signalife, Inc. (Signalife") (doc. 32); plaintiffs' respective responses (docs. 33, 34, 35,

20  37); and defendants' respective replies (docs. 42, 44, 43, 41).

21        This action is one of many cases brought by Peter Strojnik, P.C. or Consumer

22  Protection Corporation, alleging that individuals and entities transmitted unsolicited facsimile

23  advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.

24  § 227. In this case, Peter Strojnik, P.C., ("plaintiff") purports to assert a class action on

25  behalf of itself and others, alleging that Signalife, DigitalSpeed, Adam Pasternack and Alla

26  Pasternack violated the TCPA by sending an unsolicited facsimile advertising Signalife

27  stock. Defendants DigitalSpeed, Adam Pasternack, and Alla Pasternack move to dismiss for

28  lack of personal jurisdiction. All defendants move to dismiss for failure to properly plead

1    claims under Rule 8(a), Fed. R. Civ. P., and for failure to state a claim under Rule 12(b)(6),
2    Fed. R. Civ. P.

### I. Personal Jurisdiction

### A. DigitalSpeed Communications, Inc.

5    Plaintiff bears the burden of establishing that we have personal jurisdiction over a
6    defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).
7    When a defendant's motion to dismiss for lack of personal jurisdiction is based on written
8    materials rather than an evidentiary hearing, the plaintiff "need only make a prima facie
9    showing of jurisdiction to survive the motion." Mattel, Inc. v. Greiner & Hausser GmbH,
10   354 F.3d 857, 862 (9th Cir. 2003). To make a prima facie showing, the plaintiff may not rest
11   on the pleadings, but must present admissible evidence, in the form of affidavits or
12   otherwise, which, if true, would support the court's exercise of personal jurisdiction. Id.;
13   Ryfeul v. The Mirage, 9 F.3d 1553, 1553 n.2 (9th Cir. 1993). Uncontroverted allegations in
14   the complaint must be taken as true, and "[c]onflicts between parties over statements in
15   affidavits must be resolved in the plaintiff's favor." Schwarzenegger, 374 F.3d at 800; see
16   also Mattel, Inc., 354 F.3d at 862.

17   General jurisdiction exits only where the defendant has "substantial" or "continuous
18   and systematic general business contacts," Helicopteros Nacionales v. Hall, 466 U.S. 408,
19   415-16, 104 S. Ct. 1868, 1872-73 (1984), that "approximate [a] physical presence" in the
20   forum state. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir.
21   2000). DigitalSpeed attests that it is incorporated and headquartered in Pennsylvania; it does
22   not conduct business in Arizona; it does not maintain bank accounts, own property or pay
23   taxes in Arizona; and its employees do not visit Arizona regularly. Pasternack Decl. ¶¶ 4,
24   6.

25   Plaintiff alleges only that unenumerated "defendants" "continuously and
26   systematically sent unsolicited faxes to the State of Arizona." Amended Complaint ¶ 12(d).
27   Its only support for this conclusory allegation, however, is its reference to one unsolicited
28

- 2 -

1   facsimile in its complaint and to nine others in its response that it allegedly received over a
2   three-month period. Response at 8-9. Even if we were to assume that these faxes were sent
3   by DigitalSpeed (which we conclude below is not sufficiently established), these minimal
4   contacts are neither "substantial" nor "continuous and systematic." Plaintiff fails to meet the
5   "exacting standard" necessary to support our exercise of general jurisdiction.    See
6   Schwarzenegger, 374 F.3d at 801; Swartz v. KPMG, LLP, 476 F.3d 756, 766 (9th Cir. 2007)
7   ("bare bones assertions . . . will not satisfy a plaintiff's pleading burden").

8       Plaintiff argues alternatively that we have specific jurisdiction over DigitalSpeed. An
9   exercise of specific jurisdiction "must comport with the state long-arm statute, and with the
10  constitutional requirement of due process." Mattel, Inc., 354 F.3d at 863 (citation omitted).
11  Arizona's long-arm statute confers jurisdiction to the extent permitted by the Due Process
12  Clause of the United States Constitution, and we therefore proceed under the federal due
13  process framework. See Batton v. Tennessee Farmers Mut. Ins. Co., 153 Ariz. 268, 270, 736
14  P.2d 2, 4 (1987); see also Ariz. R. Civ. P. 4.2(a).

15      We employ a three-part test to determine whether exercising jurisdiction would offend
16  due process:  "(1) the non-resident defendant must purposefully direct its activities or
17  consummate some transaction with the forum or resident thereof; or perform some act by
18  which he purposefully avails himself of the privileges of conducting activities in the forum,
19  thereby invoking the benefits and protections of its laws; (2) the claim must be one which
20  arises out of or relates to the defendant's forum-related activities; and (3) the exercise of
21  jurisdiction must . . . be reasonable." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &
22  Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted). If plaintiff fails to
23  establish any one of the three requirements, due process is not satisfied. Peeble Beach Co.
24  v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

25      Plaintiff contends that DigitalSpeed purposefully availed itself of the privilege of
26  conducting business in Arizona when it sent an unsolicited facsimile to plaintiff in Arizona.
27  DigitalSpeed, however, denies that it sent the facsimile. Specifically, it avers that it "does

28

- 3 -

1   not broadcast faxes as part of any service it provides to customers," Pasternack Decl. ¶ 4, and

2   that it "did not send any unsolicited faxes to Arizona," id. ¶ 7. It asserts that, as a local

3   exchange carrier, it provides toll-free services to its customers by reselling toll-free services

4   purchased wholesale from a larger carrier, such as Qwest. It claims it does not control how

5   the numbers are subsequently used, advertised, or distributed by end users.

6       In support of its burden to establish personal jurisdiction, plaintiff submits the

7   declaration of its counsel, Peter Strojnik, that "[his] research . . . has revealed that

8   Digitalspeed Communications, Inc. was the sender of the subject facsimile due to the fact

9   Digitalspeed has been issued the removal number[1] on the facsimile." Strojnik Decl. ¶ 5.

10   Strojnik's general statement that he has one year of experience in prosecuting TCPA claims

11   is insufficient under Rule 702, Fed. R. Evid., to establish that he is an expert qualified to

12   testify that one issued a removal phone number is necessarily the sender of the facsimile. We

13   are not required to "credit conclusory [jurisdictional] allegations or draw farfetched

14   inferences." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir.

15   1998).

16       In further support of its allegation that DigitalSpeed sent the subject facsimile,

17   plaintiff alleges that the Federal Communications Commission ("FCC") issued a citation to

18   a separate business owned by Adam Pasternack charging it with transmission of unsolicited

19   facsimiles. It also claims that Adam Pasternack previously worked for businesses that

20   provided "fax transmission services." Strojnik Decl. ¶¶ 6-8. This evidence similarly fails to

21   support plaintiff's claim. Not only does DigitalSpeed present evidence that the FCC

22   rescinded the citation, Reply, ex. B., but the evidence is inadmissible to show that

23   DigitalSpeed sent the facsimile at issue in this case. See Fed. R. Evid. 404(b).

24

25

26

27       [1]The removal number is printed on the bottom of the facsimile and informs recipients that they can have their fax numbers removed from the sender's list by calling the removal

28   number.

-4-

1    Plaintiff insufficiently supports its conclusory allegation that DigitalSpeed sent the
2   subject facsimile, and no other allegation of minimum contacts is presented. Therefore, we
3   grant DigitalSpeed's motion to dismiss for lack of personal jurisdiction (doc. 25).

**B. Adam Pasternack**

5    Adam Pasternack is the president and CEO of DigitalSpeed, and, according to
6   plaintiff, DigitalSpeed is Pasternack's alter ego. Amended Complaint ¶ 8. Without
7   individually charging Pasternack or providing a factual basis to support the alter ego claim,
8   plaintiff's complaint alleges only that "Defendants" collectively sent the unsolicited
9   facsimile. Id. ¶¶ 12, 17. Plaintiff now contends that "Pasternack is alleged to not only have
10  violated the TCPA on an alter ego basis, but also individually." Response at 2. We have
11  already concluded, however, that plaintiff has failed to present admissible evidence showing
12  that DigitalSpeed sent the subject facsimile. Because it makes no separate allegation
13  regarding Pasternack's contacts with Arizona, we conclude that plaintiff has failed to satisfy
14  its burden to "demonstrate facts that, if true, would support jurisdiction" over Mr. Pasternack.
15  See Mattel, Inc., 354 F.3d at 862. Adam Pasternack's motion to dismiss is granted (doc. 23).

**C. Alla Pasternack**

17   Alla Pasternack's only alleged connection to this lawsuit is as Adam Pasternack's
18  wife. We grant Ms. Pasternack's motion to dismiss for the same reasons set forth above. In
19  addition, however, we reject plaintiff's argument that Arizona's community property law,
20  A.R.S. § 25-215(D), requires the addition of Ms. Pasternack in this action. First, § 25-215
21  does not govern citizens of Pennsylvania, a non-community property state. Lorenz-Auxier
22  Fin. Group. Inc. v. Bidewell, 160 Ariz. 218, 220, 772 P.2d 41, 43 (Ct. App. 1989) (Arizona's
23  community property law does not apply to non-residents). Moreover, personal jurisdiction
24  must be satisfied as to each individual defendant. Neither Ms. Pasternack's marital status,
25  nor her husband's individual activities, will serve as a basis for our exercise of personal
26  jurisdiction over Ms. Pasternack. Plaintiff has asserted no facts that would establish Ms.
27  Pasternack's independent contacts with Arizona. Her motion to dismiss is granted (doc. 21).
28

- 5 -

1

**D. Additional Discovery**

2    We deny plaintiff's request for additional time to conduct jurisdictional discovery.
3  Grant of jurisdictional discovery is appropriate where "pertinent facts bearing on the question
4  of jurisdiction are controverted or where a more satisfactory showing of the facts is
5  necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). There is no dispute
6  as to any of the underlying facts except plaintiff's unsupported conclusory allegation that
7  "Digitalspeed was the sender of the subject fax." Response at 7, Strojnik Decl. ¶ 5.  A
8  plaintiff is not entitled to discovery to establish essentially speculative allegations.
9  Boschetto, 539 F.3d at 1020 (upholding denial of discovery when the request "was based on
10  little more than a hunch that [discovery] might yield jurisdictionally relevant facts.").
11  Plaintiff requests the opportunity to conduct additional discovery, but does not describe what
12  evidence it reasonably hopes to discover. Its request for additional jurisdictional discovery
13  is denied.

14

**II. Signalife, Inc.**

15

**A. Fed. R. Civ. P. 8(a)**

16    Defendant Signalife does not challenge personal jurisdiction, but instead asserts that
17  the claims against it must be dismissed for plaintiff's failure to properly plead claims under
18  Rule 8(a), Fed. R. Civ. P., and for failure to state a claim under Rule 12(b)(6), Fed. R. Civ.
19  P.

20    Rule 8(a)(2), Fed. R. Civ. P., requires a complaint to set forth "a short and plain
21  statement of the claim." "Specific facts are not necessary; the statement need only 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "
23  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (omission in original) (quoting Bell
24  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)).  Nevertheless, plaintiff's
25  complaint must, at a minimum, plead "enough facts to state a claim to relief that is plausible
26  on its face." Bell Atlantic, 127 S. Ct. at 1974. "[A] formulaic recitation of the elements of
27  a cause of action will not do." Id. at 1965.

28

- 6 -

1       Signalife argues that plaintiff fails to allege allegations pertaining to it specifically,

2   and that instead the amended complaint alleges that defendants collectively committed the

3   offending acts, without specifying how the allegations apply to any particular defendant. See

4   Amended Complaint ¶¶ 17, 29, 47. Signalife contends that absent a specific allegation that

5   it sent the facsimile, plaintiff's claims for violation of the TCPA do not satisfy Rule 8(a)(2)

6   and must be dismissed.

7       Plaintiff, on the other hand, explains that where "Defendants" is used in the amended

8   complaint, it is intended to mean "all Defendants," including Signalife. It argues that the

9   amended complaint  complies with Rule 8(a)(2) because it puts all Defendants on notice that

10  each defendant is  being sued for violating the TCPA.  We agree.  Under the liberal pleading

11  requirements of Rule 8(a)(2), Signalife is sufficiently put on notice that it is accused of

12  violating the TCPA by sending an unsolicited facsimile to plaintiff on or about February 14,

13  2008. Id. ¶ 17.

14      Signalife also contends that plaintiff does not sufficiently allege the factual basis of

15  the claims of civil conspiracy and aiding and abetting.  The complaint alleges that Signalife,

16  its officers, directors and insiders, and Triple Play Stock Alert agreed to engage in a course

17  of conduct in violation of the TCPA, and that Signalife and its officers, directors and insiders

18  tacitly approved the conduct of Triple Play Stock Alert. Id. ¶¶ 58-59.  The complaint further

19  alleges that these defendants acted for the purpose of manipulating the value and volume of

20  Signalife stock in order to unjustly enrich themselves at the expense of plaintiff and members

21  of the class. Id. ¶¶ 27-29, 58-67.  These allegations satisfy the liberal pleading requirements

22  of Rule 8(a)(2).  The motion to dismiss these claims for failure to comply with Rule 8(a)(2)

23  is denied.

24                              **B. Fed. R. Civ. P. 12(b)(6)**

25      Signalife next argues that plaintiff fails to state a claim because the facsimile does not

26  constitute an "advertisement" within the meaning of the TCPA.  To prevail on a claim under

27  the TCPA, a plaintiff must show that the defendant (1) used a telephone facsimile machine,

28

-7-

1 computer or other device to send an (2) unsolicited (3) advertisement. 47 U.S.C. §
2 227(b)(1)(C). An "advertisement" is defined as "any material advertising the commercial
3 availability or quality of any property, goods, or services." Id. § 227(a)(5). Facsimiles that
4 "contain only information, such as industry news articles, legislative updates, or employee
5 benefit information, would not be prohibited by the TCPA rules." In re Rules & Regs.
6 Implementing the Tel. Consumer Protection Act of 1991 & the Junk Fax Prevention Act of
7 2005, 2006 WL 901720, 21 F.C.C.R. 3787, 3814 (April 6, 2006). "An incidental
8 advertisement contained in a newsletter does not convert the entire communication into an
9 advertisement . . . so long as the newsletter's primary purpose is informational, rather than
10 to promote commercial products." Id.

11    Signalife claims that the facsimile at issue is informational in nature and not an
12 "advertisement" because it does not seek to sell any property, good, or service. It claims that
13 the majority of the information in the facsimile provides information about Signalife,
14 including its commercial products and business prospects, and that the inclusion of
15 information regarding Signalife stock is, at most, incidental. Reply at 3. We disagree.

16    While the facsimile does provide information about Signalife as a company, it also
17 lists the share price of the stock and encourages readers to "GO TO YOUR FAVORITE
18 FINANCIAL WEBSITE . . . READ THE NEWS ON THIS STOCK NOW!!! RIGHT
19 NOW!!!" The facsimile goes on to entice the reader: "COULD THIS STOCK TRIPLE
20 FROM HERE? WHAT WOULD YOU DO WITH ALL THOSE JUICY PROFITS??" It
21 is hard to escape the conclusion that this facsimile is advertising Signalife stock.

22    We conclude that for purposes of a Rule 12(b)(6) motion, the complaint sufficiently
23 alleges that Signalife transmitted an unsolicited "advertisement" in violation of the TCPA.
24 Signalife's motion to dismiss the complaint is denied (doc. 32).

25                          **C. Class Action Claims**

26    Finally, Signalife argues that the proposed class action claims must be dismissed
27 because the Strojnik law firm is the lead and only plaintiff in this action and plaintiff's
28

1 | counsel, Peter Strojnik, is president and CEO of the Strojnik law firm.  Given this
2 | relationship, Signalife argues that the Strojnik law firm necessarily has an interest in
3 | attorneys' fees that can be generated by this lawsuit and therefore it cannot fairly and
4 | adequately protect the interests of the class under Rule 23(a)(4), Fed. R. Civ. P.

5 | We agree with plaintiff that Signalife's argument is premature in that no motion has
6 | been made to certify the class. However, we have grave doubts that plaintiff will be able to
7 | satisfy Rule 23 requirements if and when it seeks to have a class certified.

8 | ### III. Conclusion

9 | **IT IS ORDERED GRANTING** Alla Pasternack's motion to dismiss (doc. 21),
10 | **GRANTING** Adam Pasternack's motion to dismiss (doc. 23), and **GRANTING**
11 | DigitalSpeed's motion to dismiss (doc. 25), for lack of personal jurisdiction.

12 | **IT IS FURTHER ORDERED DENYING** Signalife's motion to dismiss (doc. 32).
13 | DATED this 9th day of March, 2009.

Frederick J. Martone
United States District Judge

- 9 -